UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 02-20883 CR-MORENO

16 USC § 3372(d)(1)
16 USC § 3373(d)(3)(A)
18 USC § 4
18 USC § 542
21 USC § 331(a)
21 USC § 333(a)(2)

MAGISTRATE JUDGE
GARBER

UNITED STATES OF AMERICA

vs.

CARLOS SEAFOOD, INC.
and
LILLIAN BERDEAL,

        Defendants.       /

## INFORMATION

The United States Attorney charges that:

### COUNT 1

### BACKGROUND

At all times relevant hereto:

1.     Carlos Seafood, Inc. (Carlos Seafood) was a family owned and operated company organized in 1978 and doing business under the laws of Florida. It was engaged in the importation of lobster and was one of the largest processors and packers of lobster in South Florida. Carlos Seafood distributed its lobster products in both interstate and foreign commerce. It maintained its principle place of business at 4041 N.W. 28th Street, Miami, Florida.



2. Lillian Berdeal was the vice-president of Carlos Seafood.

3. The importation into the United States of food, drugs, devices, and cosmetics is governed by the provisions of the Federal Food, Drug, and Cosmetic Act (FDCA), which is administered by the United States Food and Drug Administration (FDA). Title 21, United States Code, Sections 301-395. The FDCA prohibits the importation of food that is adulterated or misbranded. Title 21, United States Code, Section 331. Food is adulterated when it contains any poisonous or deleterious substance capable of rendering food injurious to human health. Title 21, United States Code, Section 342.

4. Importations, including food regulated by the FDA, must comply with the laws and regulations of the United States Customs Service (USCS), which provide that various foods are subject to inspection at the time of entry in the United States. The FDA and USCS regulations work in coordination to protect consumer health and well-being. Together they prohibit the release into United States commerce of potentially harmful food. Title 19, Code of Federal Regulations, Sections 12.1-12.3 and Title 21, United States Code, Section 381.

5. Any shipment of food suspected of contamination and adulteration by a harmful substance, including salmonella bacteria, must be conditionally held and is not permitted admission into United States commerce until such time as FDA determines that the food complies with the FDCA. FDA issues a Notice of FDA Action/ Detained to the importer and broker of the potentially adulterated shipment of food, which provides that the shipment is temporarily refused admission into

commerce and is only conditionally released to the importer or broker pending proof of the shipment's compliance with FDA regulations. Title 19, Code of Federal Regulations, Sections 12.1-12.3; Title 21, United States Code, Section 381; and Title 21, Code of Federal Regulations, Section 1.90.

6.  If the shipment, through laboratory sampling and analysis, is subsequently determined to contain a poisonous or deleterious substance, such as salmonella, then the product is refused admission into United States commerce. The FDA issues another Notice of FDA Action/ Refusal of Admission, which advises the importer and broker that the shipment contains a poisonous and deleterious substance, revokes the conditional release, and requires that the shipment be destroyed or re-exported. Title 21, United States Code, Section 381. The importer or the broker must complete a USCS Form 3499, Application and Approval to Manipulate, Examine, Sample, or Transfer Goods, which describes the specifics of the shipment's destruction or re-export. This verified form is sent to USCS for its authorized signature and approval. Title 19, Code of Federal Regulations, Sections 158.41-158.43.

7.  From on or about October 29, 1997, through on or about November 23, 1998, Carlos Seafood imported into the United States from Mexico and Jamaica numerous shipments of frozen lobster tail and lobster head meat, totaling approximately 24,750 pounds and having a retail value of approximately $433,800.00.

8.  From on or about October 29, 1997, through on or about November 23, 1998, the shipments of lobster were subject to inspection by FDA and were detained at the Carlos Seafood warehouse until FDA could determine whether the lobster was adulterated and should not be entered

into United States commerce. Notices of FDA Action/ Detained were sent to Carlos Seafood and to its agent at Alpha Brokers.

9. From on or about October 29, 1997, through on or about November 23, 1998, laboratory sampling and analyses revealed that seven (7) out of ten (10) shipments totaling 24,750 pounds of frozen lobster were found to be adulterated with salmonella and were therefore injurious to consumer health and well-being. As a result FDA issued Notices of FDA Action/ Refusal of Admission to the importer and broker, which required that the 24,750 pounds of lobster be destroyed or re-exported.

10. From on or about October 29, 1997, through on or about November 23, 1998, Carlos Seafood, through its vice-president, Lillian Berdeal, directed its agent at Alpha Brokers to "fix the problem" so that the lobster could be distributed into United States commerce. Lillian Berdeal had knowledge that in response to her direction, the broker's agent unlawfully prepared false USCS Forms 3499. The purpose of the false documents was to misrepresent to USCS that the shipments of lobster were turned over to Metro-Dade Department of Solid Waste for destruction and use as landfill. The broker's agent verified the Forms 3499 for their accuracy and then forged the name of the USCS Inspector, who was required to sign the forms if he approved the method of the shipments' disposition. False "dump tickets" purportedly issued by Metro-Dade Department of Solid Waste were also prepared by the broker's agent as documentary support for the false Forms 3499. Copies of these false documents were subsequently forwarded to Lillian Berdeal, who was aware of their falsity and knew that the shipments of lobster containing salmonella had been introduced into United States commerce.

11. From on or about October 29, 1997, through on or about November 23, 1998, approximately 24,750 pounds of frozen lobster that were adulterated by salmonella bacteria were processed and re-packaged by Carlos Seafood and were entered and distributed into United States commerce.

12. From on or about October 29, 1997, through on or about November 23, 1998, Carlos Seafood, through Lillian Berdeal, paid the broker's agent $.50 per pound in cash, a total of approximately $12,000.00, for the agent's assistance in introducing the ten (10) shipments of lobster into United States commerce.

13. From on or about October 29, 1997, through on or about November 23, 1998, at Miami-Dade County, in the Southern District of Florida, the defendant,

## CARLOS SEAFOOD, INC.,

knowingly made and submitted a false record, account, label and identification of fish, that is, frozen lobster tail and head meat, which had been and was intended to be imported, transported, sold, purchased and received from foreign countries, to wit: Jamaica and Mexico.

All in violation of Title 16, United States Code, Section 3372(d)(1) and 3373(d)(3)(A).

## COUNT 2

1. Paragraphs 1 through 12 of Count 1 are incorporated herein by reference as if set forth in their entirety.

2. From on or about October 29, 1997, through on or about November 23, 1998, at

Miami-Dade County, in the Southern District of Florida, the defendant,

**CARLOS SEAFOOD, INC.,**

did knowingly and willfully enter and introduce into the commerce of the United States, imported merchandise, that is, frozen lobster tail and lobster head meat, from Jamaica and Mexico, by means of false and fraudulent Applications and Approvals to Manipulate, Examine, Sample or Transfer Goods, United States Custom Service Forms 3499, which forms indicated that said merchandise was being destroyed, when in truth and in fact, it was not.

All in violation of Title 18, United States Code, Section 542.

## COUNT 3

1. Paragraphs 1 through 12 of Count 1 are incorporated herein by reference as if set forth in their entirety.

2. From on or about October 22, 1997, through on or about November 23, 1998, at Miami-Dade County, in the Southern District of Florida, the defendant,

**CARLOS SEAFOOD, INC.,**

knowingly and willfully and with the intent to defraud, introduced and caused to be introduced, into interstate commerce, food, that is, frozen lobster tails and lobster head meat, which was adulterated.

All in violation of Title 21, United States Code, Section 331(a) and 333(a)(2).

## COUNT 4

1. Paragraphs 1 through 12 of Count 1 are incorporated herein by reference as if set forth in their entirety.

2.	From on or about October 29, 1997, through on or about November 23, 1998, at Miami-Dade County, in the Southern District of Florida, the defendant,

**LILLIAN BERDEAL,**

having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, the introduction and delivery for introduction into interstate commerce of adulterated food, in violation of Title 21, United States Code, Section 331(a) and 333(a)(2), and Title 18, United States Code, Section 2, concealed and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

All in violation of Title 18, United States Code, Section 4.

_Thomas J. Mulhall for_
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_Diane Patrick_
DIANE PATRICK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA     CASE NO.  02-20883 CR-MORENO

vs.

CARLOS SEAFOOD, INC.
and
LILLIAN BERDEAL

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:** MAGISTRATE JUDGE GARBER

**Court Division:** (Select One)

_X_ Miami  ___ Key West
___ FTL    ___ WPB  ___ FTP

New Defendant(s)       Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:       (Yes or No) _No_
   List language and/or dialect  _____

4. This case will take  _1 (PLEA)_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days       _X_         Petty       ___
   II   6 to 10 days      ___         Minor       ___
   III  11 to 20 days     ___         Misdem.     ___
   IV   21 to 60 days     ___         Felony      _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)   _NO_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?  (Yes or No) _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   _NO_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No   If yes, was it pending in the Central Region?___ Yes _X_ No

8. Did this case originate in the Narcotics Section, Miami?___ Yes _X_ No

DIANE PATRICK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 770744

*Penalty Sheet(s) attached                                    REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**02 - 20883** CR-MORENO

PENALTY SHEET

**Defendant's Name:** CARLOS SEAFOOD, INC.

MAGISTRATE JUDGE
GARBER

**Case No:**

Count #: 1

Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)

Importation of seafood by means of false documents

\* **Max. Penalty:** $500,000 fine

Count #: 2

Title 18, United States Code, Section 542

Introduction of merchandise into U.S. commerce through false documents

\***Max. Penalty:** $500,000 fine

Count #: 3

Title 21, United States Code, Sections 331(a) and 333(a)(2)

Introduction of adulterated food into commerce with intent to defraud

\***Max. Penalty:** $500,000 fine

Count #:

\***Max. Penalty:**

\***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02 - 20883 -CR-MORENO
PENALTY SHEET

Defendant's Name: LILLIAN BERDEAL

MAGISTRATE JUDGE
GARBER

Case No:

Count #:4

Title 18, United States Code, Section 4

Misprison of a felony (knowingly introducing adulterated food into commerce with intent to defraud), a violation of Title 21, United States Code, Sections 331(a) and 333(a)(2)

\* Max.Penalty: 3 years' imprisonment

Count #:

\*Max. Penalty:

Count #:

\*Max. Penalty:

Count #:

\*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.